UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA

CHARLES JUSTICE,                )
                                )
            Petitioner,          )
v.                              )        No. 1:11-cv-764-WTL-DML
                                )
JEFFREY WRIGLEY,                )
                                )
            Respondent.          )

**Entry Discussing Petition for Writ of Habeas Corpus**

**I.**

"Federal courts are authorized to dismiss summarily any habeas petition that appears legally insufficient on its face." *McFarland v. Scott,* 512 U.S. 849, 856 (1994). This authority is conferred by Rule 4 of the *Rules Governing Section 2254 Cases in United States District Courts,* which provides that upon preliminary consideration by the district court judge, "[i]f it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court, the judge shall make an order for its summary dismissal and cause the petitioner to be notified." *See Small v. Endicott,* 998 F.2d 411, 414 (7th Cir. 1993).

**II.**

Indiana prisoner Charles Justice seeks a writ of habeas corpus pertaining to a prison disciplinary proceeding conducted on September 25, 2007. In that proceeding, Justice was found guilty based upon a plea of guilty to the infraction of violation of any federal, state or local law, which in this case was a state law criminalizing certain conduct as harassment. Justice seeks relief pursuant to 28 U.S.C. § 2254(a).

"[I]n all habeas corpus proceedings under 28 U.S.C. § 2254, the successful petitioner must demonstrate that he 'is in custody in violation of the Constitution or laws or treaties of the United States.'" *Brown v. Watters,* 599 F.3d 602, 611 (7th Cir. 2010) (quoting 28 U.S.C. § 2254(a)).

Indiana state prisoners have a liberty interest in their good-time credits and therefore are entitled to due process before the state may revoke them. *Wolff v. McDonnell,* 418 U.S. 539, 557 (1974); *Cochran v. Buss,* 381 F.3d 637, 639 (7th Cir. 2004). The right to due process in this setting is important and is well-defined. Due

process requires the issuance of advance written notice of the charges, a limited opportunity to present evidence to an impartial decision maker, a written statement articulating the reasons for the disciplinary action and the evidence justifying it, and "some evidence in the record" to support the finding of guilt. *See Superintend., Mass. Corr. Inst. v. Hill,* 472 U.S. 445, 454 (1985); *Wolff v. McDonnell,* 418 U.S. 539, 564, 566, 570-71 (1974); *Piggie v. Cotton,* 344 F.3d 674, 677 (7th Cir. 2003); *Webb v. Anderson,* 224 F.3d 649, 652 (7th Cir. 2000).

Justice does not invoke any of those procedural protections or the substantive requirement that the decision be supported by "some evidence." Instead, his petition for writ of habeas corpus is an outline of the circumstances of the proceeding and his view as to why, over the passage of time, the sanctions should have been mitigated. Whether persuasive as a matter akin to an appeal for clemency or not, the outline does not demonstrate even a plausible basis for concluding that the challenged disciplinary proceeding is tainted with constitutional error. Accordingly, the court finds that his petition for writ of habeas corpus shows on its face that Justice is not entitled to the relief he seeks and that the action must be dismissed pursuant to *Rule 4.*

Judgment consistent with this Entry shall now issue.

**IT IS SO ORDERED.**

Date: 07/26/2011

_William T. Lawrence_

Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana